# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13cv106

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| $28,720.00 in United States Currency, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is the Government's Motion to Compel [# 12]. The Government moves to compel the attendance of Claimant Fernando Gonzalez at a deposition on April 18, 2014, in the office of the United States Attorney in Asheville, North Carolina. The Court **DENIES** the motion [# 12]

## I.   Background

The United States brought this civil forfeiture action on April 17, 2013. Several weeks later, Claimant Fernando Gonzalez, who is represented by counsel, filed a verified claim. The Court then entered a Pretrial Order in the case, setting the close of discovery for April 1, 2014.

Meanwhile, the Government began removal proceedings as to Claimant Fernando Gonzalez. On February 4, 2014, an Immigration Judge granted Claimant Fernando Gonzalez voluntary departure. Accordingly, Claimant Fernando

1

Gonzalez voluntarily departed the United States by foot from Brownsville, Texas on February 27, 2014.

Approximately a week after the United States deported Claimant Fernando Gonzalez, counsel for the Government provided a Notice of Deposition to counsel for Claimant Fernando Gonzalez. The Notice of Deposition specified that the deposition of Fernando Gonzalez would occur on March 19, 2014, in Asheville, North Carolina. Not surprisingly, Claimant Fernando Gonzalez did not appear at the deposition. The Government now moves the Court pursuant to Rule 37 to enter an Order compelling Claimant Fernando Gonzalez to appear for a deposition on April 18, 2014, in Ashville, North Carolina.

**II.   Analysis**

Rule 37 of the Federal Rules of Civil Procedure does not specify a specific time limit for the filing of a motion to compel. See Fed. R. Civ. P. 37; PCS Phosphate Co. v. Norfolk Southern Corp., 238 F.R.D. 555, 558 (E.D.N.C. 2006). Absent a specific order from the Court in the scheduling order, a party must generally move to compel a party to comply with a discovery request prior to the close of discovery or the motion is untimely. See Days Inn Worldwide, Inc. v. Sonia Invs., 237 F.R.D. 395, 397-98 (N.D. Tex. 2006) (collecting cases); Murphy v. Auto Advantage, Inc., 2012 WL 28781, at *1 (W.D.N.C. Jan. 5, 2012) (Howell, Mag. J.); Rudolph v. Buncombe Cnty Gov't, No. 1:10cv203, 2011 WL 5326187

(W.D.N.C. Nov. 4, 2011) (Howell, Mag. J.).

Discovery in this case closed April 1, 2014. On April 8, 2014, one week after the close of discovery, the Government moved for an Order to compel Claimant Fernando Gonzalez to appear for a deposition. The time for moving to compel the attendance of a witness at a deposition, however, has expired. Discovery in this case is closed. The Government should and could have filed its discovery motion prior to the close of discovery. Having failed to do so, the Government's motion is untimely.

Even if the motion was timely, the Court would still deny the motion as the Government has failed to set forth any legal authority for the proposition that this Court can order a recently deported individual to return to the United States and appear at a deposition at the offices of the Government. Moreover, the burden on Claimant Fernando Gonzalez to travel to Asheville for the deposition would be enormous, even assuming that he could gain legal entrance into the United States less than four weeks after he was deported by the Government. Finally, the Government could have noticed the deposition of Claimant Fernando Gonzalez earlier in the discovery period but waited until shortly after he was deported and until the very end of the discovery period to notice his deposition. Such gamesmanship will not be rewarded by this Court. Accordingly, the Court **DENIES** the motion [# 12]

## III. Conclusion

The Court **DENIES** the motion [# 12].

Signed: April 17, 2014

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge