IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13cv106

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| $28,720.00 in United States Currency, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is the Government's Motion to Reconsider [# 17]. The Government moves the Court to reconsider its prior Order denying the Government's Motion to Compel. As a threshold matter, the Court **DENIES** the motion for failure to comply with the Court's Local Rules and submit a legal brief in support of its motion. See LCvR 7.1(C). A party may not satisfy the requirements of the Local Rules by incorporating its previously filed memorandum of law filed in support of a motion that the Court denied into a motion to reconsider. Instead, a party must file a legal brief setting forth a legal and factual basis for why reconsideration of the Court's Order is necessary. This legal brief should contain a summary of the pertinent facts with citations to the record, set forth the legal standard for granting a motion to reconsider with proper citations as set forth in The Bluebook: A Uniform System of Citation, and then explain how

1

the facts of the particular case before the Court satisfy the relevant legal standard. It is not a complicated process.

Aside from the motions procedural failures, the motion fails to address the primary reason the Court denied the Motion to Compel – its untimeliness, as the Government filed the discovery motion after the expiration of the discovery period. As this Court stated in its prior Order, and as both this Court and the District Court have repeatedly held, discovery motions must be filed prior to the close of discovery. (Order, Apr. 17, 2014.) Here, the Government waited until after the close of discovery to file its motion to compel the deposition testimony of one of the Claimants.

Finally, the Government's one and a half page motion fails to set forth sufficient legal basis or any actual legal analysis demonstrating why reconsideration of the Court's prior Order is required under the applicable law. The motion fails to address the legal authority cited in the Court's prior Order and fails to provide the Court with any substantive legal authority or legal analysis in support of its Motion to Reconsider. Motions such as these do little other than waste judicial resources and prevent the Court from ruling on properly filed motions, which are supported by legal authority, and contain actual legal analysis. Accordingly, the Court **DENIES** the Motion to Reconsider [# 17].

Signed: May 5, 2014

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge